IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON McCOY,

    Plaintiff,                    No. CIV S-05-0165 DFL DAD P

    vs.

E. SCHIRMER, et al.,           <u>ORDER AND</u>

    Defendants.          <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Three weeks after commencing this action, plaintiff filed a five-page document incorrectly titled "Amended Complaint" in which he seeks to supplement his complaint by adding defendants and claims. Three months later, plaintiff filed a two-page document incorrectly titled "Preliminary Injunction Motion to Supplement Complaint/Add New Defendants." The Federal Rules of Civil Procedure permit a party to amend his pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). However, the Local Rules of Practice provide that every pleading to which an amendment or

1  supplement is permitted as a matter of right shall be rewritten and filed so that the amended
2  complaint is complete in itself without reference to the prior pleading.  Local Rule 15-220.  No
3  pleading may be supplemented by a separate, incomplete document without prior approval of the
4  court.  Id.  Plaintiff did not obtain the court's approval before he filed either supplement to his
5  complaint, and the court will not grant such approval.  Plaintiff's document mistitled "Amended
6  Complaint" will not be considered by the court, and plaintiff's mistitled motion to supplement
7  complaint will be denied.
8         The district court is required to screen all complaints brought by prisoners seeking
9  relief against a governmental entity or an officer or employee of a governmental entity.  See 28
10 U.S.C. § 1915A(a).  The court must dismiss a complaint if the prisoner has raised claims that are
11 frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary
12 relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  See also 28
13 U.S.C. § 1915(e)(2) (requiring the district court to dismiss a case in which the plaintiff seeks to
14 proceed in forma pauperis, or has been granted leave to proceed in forma pauperis, if the action is
15 frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant immune
16 from such relief).
17        A claim is frivolous when it lacks an arguable basis either in law or in fact.
18 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
19 (9th Cir. 1984).  The court may dismiss a claim as frivolous where it is based on an indisputably
20 meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at
21 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an
22 arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989);
23 Franklin, 745 F.2d at 1227.  A complaint should be dismissed for failure to state a claim upon
24 which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts
25 in support of his claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S.
26 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir.

1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between that defendant and the claimed constitutional violation must be specifically alleged. Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, the caption of plaintiff's complaint names nine defendants: Schirmer, Cummings, Chapman, Nuchols, Amero, Wagner, Crane, Cagle, and Bainbridge. Plaintiff ends the list with "5 unknown Doe Etc. [sic] Al. officers." On the second page of the complaint, plaintiff lists the same nine defendants and two more: Brewer and Kissinger. On the

third page, plaintiff states that Sgt. Amero has not violated any of plaintiff's constitutional rights, so far, and that Lt. Cummings did his job correctly but is "used to clearify [sic] the violations by Schirmer." Plaintiff seeks a transfer from High Desert State Prison, general damages, special damages, punitive damages, appointment of counsel, attorney fees, and costs.

Plaintiff's so-called "claims" against defendants Amero and Cummings should be dismissed as legally and factually frivolous. With regard to plaintiff's claims against the nine remaining defendants, plaintiff affirmatively alleges facts concerning exhaustion that demonstrate his failure to exhaust available administrative remedies on any claim prior to bringing this action.

Plaintiff's complaint is dated January 23, 2005, and was filed on January 26, 2005. Plaintiff declares that he filed an inmate appeal against defendants Brewer and Kissinger on January 17, 2005, but had not received a response as of January 26, 2005. Plaintiff does not allege that he took any steps to exhaust claims against defendant Wagner. As for defendants Schirmer, Chapman, Nuchols, Crane, Cagle, and Bainbridge, plaintiff alleges only that he filed citizens' complaints that were screened out (against Schirmer), not responded to (Chapman, Nuchols, Bainbridge), or pending (Cagle, Crane). Plaintiff did not file and exhaust inmate appeals with respect to his claims relating to these nine defendants.

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court will

1  not read futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6.  A
2  prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. Wyatt v.
3  Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th
4  Cir. 2002) (per curiam).  If the court concludes that the prisoner has not exhausted administrative
5  remedies on any claim, "the proper remedy is dismissal of the claim without prejudice."  315
6  F.3d at 1120.

7          In California, state regulations permit prisoners to appeal "any departmental
8  decision, action, condition, or policy which they can demonstrate as having an adverse effect
9  upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  Most appeals progress from an
10 informal review through three formal levels of review.  See Cal. Code Regs. tit. 15, § 3084.5.  A
11 decision at the third formal level, also referred to as the director's level, is not appealable and
12 will conclude a prisoner's administrative remedy.  Cal. Code Regs. tit. 15, §§ 3084.1(a) and
13 3084.5(e)(2).  In order to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a), a California
14 prisoner must submit an inmate appeal at the appropriate level and proceed to the highest level of
15 administrative review available before filing suit. Ngo v. Woodford, 403 F.3d 620, 624 (9th Cir.
16 2005); Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096
17 (9th Cir. 2002).

18         The PLRA exhaustion requirement was intended to afford corrections officials
19 "time and opportunity to address complaints internally before allowing the initiation of a federal
20 case." Porter, 534 U.S. at 524-25.  The filing of a citizen's complaint under California Penal
21 Code § 832.5 does not serve the same purpose and in any event cannot constitute exhaustion of
22 available administrative remedies for California state prisoners since state law provides an
23 inmate appeal system specifically for prisoners.  See Sanchez v. Detention Officers of Kern Co.
24 Sheriff's Lerdo Jail, No. 1:04-CV-05737-OWW, 2006 WL 403033, at *1 (E.D. Cal. Feb. 16,
25 2006); Townes v. Paule, 407 F. Supp. 2d 1210, 1218 (S.D. Cal. 2005); Ware v. Terhune, No.
26 C01-1896CRB(PR), 2001 WL 680275, at *1 (N.D. Cal. June 6, 2001).  Similarly, presentation of

1  a claim to the State Board of Control does not serve to exhaust a prisoner's administrative
2  remedies because the Board is not part of the prison appeal system. Rumbles v. Hill, 182 F.3d
3  1064, 1070 (9th Cir. 1999) ("Congress certainly intended to require prisoners to exhaust
4  available administrative grievance procedures, [but] there is no indication that it intended
5  prisoners also to exhaust state tort claim procedures."), overruled on other grounds by Booth v.
6  Churner, 532 U.S. 731 (2001).

7        The undersigned finds that plaintiff's allegations and evidence constitute a
8  concession that he has not exhausted any of the claims presented in this action. The undersigned
9  will therefore recommend that plaintiff's claims against defendants Amero and Cummings be
10 dismissed with prejudice and that plaintiff's claims against all other defendants be dismissed
11 without prejudice to the filing of a new action after exhausting such administrative remedies as
12 may be available. In light of these recommendations, the undersigned will also recommend that
13 plaintiff's application to proceed in forma pauperis be denied.

14       On March 9, 2005, plaintiff filed a motion seeking a temporary restraining order
15 requiring defendants Brewer, Kissinger, and two other officers not to come within 100 yards of
16 plaintiff or that plaintiff be transferred to another prison. Court records indicate that plaintiff is
17 no longer incarcerated at High Desert State Prison. When an inmate seeks injunctive or
18 declaratory relief concerning the prison where he is incarcerated, his claims for such relief
19 become moot when he is no longer subjected to those conditions. See Weinstein v. Bradford,
20 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). Accordingly,
21 plaintiff's motion will be denied as moot..

22       Accordingly, IT IS HEREBY ORDERED that:

23       1. Plaintiff's February 17, 2005 filing, which is titled "Amended Complaint" but
24 is an unauthorized supplemental complaint, will not be considered by the court;

25       2. Plaintiff's March 9, 2005 motion for orders concerning housing and safety is
26 denied as moot;

   3. Plaintiff's May 9, 2005 motion to supplement his complaint and add new defendants and claims is denied; and

   IT IS RECOMMENDED that:

   1. Plaintiff's January 27, 2005 application to proceed in forma pauperis (incorrectly docketed as filed on January 28, 2005) be denied;

   2. Plaintiff's claims against defendants Amero and Cummings be dismissed with prejudice as frivolous;

   3. Plaintiff's claims against all other defendants be dismissed without prejudice for failure to exhaust administrative remedies prior to bringing this action; and

   4. This action be dismissed.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 30, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
mcco0165.56